IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

vs.                      Criminal No. 4:13-cr-40023
                         Civil No. 4:15-cv-04020

MARCUS FLOYD                                                    MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Movant Marcus Floyd's ("Floyd") Supplemental Motion for Relief under 28 U.S.C. § 2255. ECF No. 76. Through his appointed counsel, Floyd filed this Supplemental Motion on May 26, 2016. *Id.* The Government moved to stay this motion until after the United States Supreme Court decided *United States v. Beckles,* 137 S. Ct. 886 (2017). ECF No. 78. The Court granted this motion and stayed this Supplemental Motion until after *Beckles* was decided. Since that time, *Beckles* has been decided, and both Floyd and the Government have filed responses examining the impact of the *Beckles* opinion.

The Supplemental Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed this motion and the response; and based upon that review, the Court recommends it be **DENIED**.

**1.**     **Discussion:**[1]

Floyd filed his original Motion for Relief under 28 U.S.C. § 2255 on February 17, 2015. ECF No. 55. The undersigned entered a Report and Recommendation which recommended the denial of the original Motion on July 31, 2015. ECF No. 69. Floyd filed objections on September

---

[1] The Court outlined the procedural history in a previous report and recommendation and will not restate it here. *See* ECF No. 69.

11, 2015. ECF No. 72. On April 22, 2016, Floyd sought appointment of counsel to assist him in light of *Johnson v. United States,* 135 S.Ct. 2551, 2563 (2015). ECF No. 73. Counsel was appointed, and the instant Supplemental Motion was filed.

With this Supplemental Motion, the only "new" claim Floyd raises is that he was improperly sentenced as a "career offender" under USSG § 4B1. Specifically, Floyd argues the provision for sentencing a "career offender," based on a "crime of violence" defined by USSG § 4B1.2(a), is unconstitutional pursuant to *Johnson*. In *Johnson,* the United States Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process and was invalid under the "void for vagueness" doctrine. *Id.* at 2563. According to Floyd, this rule would also apply to the definition of "crime of violence" provision in USSG § 4B1.2(a). Upon review, the Court finds Floyd is not entitled to relief, and the "crime of violence" provision of the USSG is not unconstitutional under *Johnson*.

Notably, the United States Supreme Court *directly addressed* this very issue in a recent opinion. In *Beckles v. United States* the Supreme Court expressly held:

> Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge. As discussed above, the system of purely discretionary sentencing that predated the Guidelines was constitutionally permissible. If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be.
> . . .
> Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness.

*Beckles,* 137 S. Ct. 886, 894 and 897 (2017). The USSG are not subject to challenge based on *Johnson*. Thus, based upon *Beckles*, the Court finds this Motion should be **DENIED.**

**2.     Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 76) be **DENIED** and dismissed with prejudice.[2]  The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 13th day of October 2017.**

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*