IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

V.                    CASE NO. 4:13-CR-40023-1
                      CASE NO. 4:15-CV-04020

MARCUS FLOYD                                                                    MOVANT

## ORDER

Before the Court are two Report and Recommendations filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF Nos. 69, 83. The Court finds these matters ripe for consideration.

## BACKGROUND

On February 27, 2015, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 55. On July 31, 2015, Judge Bryant issued a Report and Recommendation recommending that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 55) be denied and dismissed with prejudice. ECF No. 69, p. 11. Judge Bryant also recommended a finding that "an appeal from dismissal would not be taken in good faith." ECF No. 69, p. 11. Movant subsequently filed timely objections.[1] ECF No. 72.

On May 26, 2016, Movant filed a Supplemental Motion for Relief under 28 U.S.C. § 2255. ECF No. 76. On October 13, 2017, Judge Bryant entered a Report and Recommendation recommending that Movant's Supplemental Motion for Relief under 28 U.S.C. § 2255 (ECF No.

---

[1] After Judge Bryant entered his Report and Recommendation, Movant moved for an extension of time to file his objections. The Court granted Movant's motion and gave him until September 17, 2015, to file objections.

76) be denied and dismissed with prejudice and that no certificate of appealability be issued. ECF No. 83, p. 3. The parties have not filed objections to this Report and Recommendation and the time to object has passed.

## DISCUSSION

The Court will address each of Judge Bryant's Report and Recommendations in turn.

**I. Report and Recommendation of July 31, 2015**

Movant filed timely objections to Judge Bryant's Report and Recommendation of July 31, 2015. However, of those objections, only one is specific so as to trigger *de novo* review.[2] Movant objects to Judge Bryant's conclusion that an evidentiary hearing is not warranted in regard to one of Movant's ineffective assistance of counsel claims.

In his initial Motion, Movant claims that he directed his trial counsel to file a notice of appeal, but that he did not do so. Judge Bryant examined this contention, but ultimately found that Movant had "not supplied sufficient evidence to demonstrate he directed his attorney to file an appeal." ECF No. 69, p. 8. In support of this conclusion, Judge Bryant noted that the record contained an affidavit of Movant's attorney stating that Movant had never directed him to file a notice of appeal. ECF No. 69, p. 8. Judge Bryant further noted that Movant had waived certain appellate rights and found that Movant's "conduct after sentencing does not support his claim that he had any interest in appealing his case." ECF No. 69, p. 8. In his objections, Movant states that:

> . . . it is an abuse of discretion under Franco v. United States, (8th Cir. 2014) for federal courts to deny evidentiary hearing solely on the basis of an attorney(s) affidavit that dispute(s) a client position that counsel was requested to file a notice of appeal[.]

ECF No. 72.

---

[2] The other objections were either addressed by Judge Bryant in his October 13, 2017, Report and Recommendation or simply re-stated Movant's previous arguments.

2

It is well established that "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citing *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992)). In general, "[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id*.

Upon *de novo* review, the Court finds that the record does not affirmatively refute Movant's factual allegation that he asked his trial counsel to file a notice of appeal. Although Movant waived certain appellate rights, he may have asked his attorney to file an appeal. The record contains conflicting evidence—one statement by Movant stating that he directed his counsel to file an appeal and an opposing affidavit of Movant's trial counsel stating that Movant did not ask him to file an appeal. Accordingly, the Court must make a factual determination regarding whether Movant directed his attorney to file an appeal. Therefore, an evidentiary hearing on this single issue—whether Movant asked his attorney to file an appeal—is warranted. As such, the Court refers this matter to Judge Bryant for the purposes of holding an evidentiary hearing to determine whether Movant asked his attorney to file an appeal.

Accordingly, the Court finds that Judge Bryant's July 21, 2015, Report and Recommendation should be adopted except in regard to Movant's ineffective assistance of counsel claim concerning trial counsel's failure to file an appeal.

**II. Report and Recommendation of October 13, 2017**

As noted above, the parties have not filed objections to Judge Bryant's Report and Recommendation filed on October 13, 2017. Upon review, the Court adopts Judge Bryant's Report and Recommendation *in toto*. Accordingly, the Court finds that Movant's Supplemental Motion for Relief under 28 U.S.C. § 2255 (ECF No. 76) should be denied and dismissed with prejudice and that no certificate of appealability shall issue.

**CONCLUSION**

For the foregoing reasons, the Court finds that Judge Bryant's July 31, 2015, Report and Recommendation (ECF No. 69) should be and hereby is **ADOPTED IN PART**. Accordingly, Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 55) is hereby **DENIED IN PART**. However, the Court will not adopt Judge Bryant's recommendation regarding Movant's claim that he was denied effective assistance of counsel when his attorney failed to file an appeal. That issue remains pending the evidentiary hearing. Furthermore, the Court finds that Judge Bryant's October 13, 2017, Report and Recommendation should be and hereby is **ADOPTED *IN TOTO***. Accordingly, Movant's Supplemental Motion for Relief under 28 U.S.C. § 2255 (ECF No. 76) is hereby **DENIED** and **DISMISSED WITH PREJUDICE** and no certificate of appealability shall be issued.

**IT IS SO ORDERED**, this 18th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge