IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

V.                          CASE NO. 4:13-CR-40023-1
                            CASE NO. 4:15-CV-04020

MARCUS FLOYD                                                                      MOVANT

## ORDER

Before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 55. By Order entered January 18, 2018, this Court ordered United States Magistrate Judge Barry A. Bryant to conduct an evidentiary hearing regarding the issue of whether or not Movant was denied effective assistance of counsel when his trial counsel failed to file a notice of appeal as Movant directed. Upon consideration, the Court now notes that Movant's trial counsel, Mr. John F. Stroud, III, passed away on September 4, 2016. As a result, an evidentiary hearing regarding the sole issue pending in this matter would waste judicial resources. For the foregoing reasons, the Court **GRANTS** the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 55) on the basis Movant was denied effective assistance of counsel when his trial counsel failed to file a notice of appeal as directed.

"When a defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the prescribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant . . . to appeal from the imposition of the new sentence." *United States v. Prado*, 204 F.3d 843, 845 (8th Cir. 2000) (citing *United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996) (per curiam); *see Hollis v. United States*, 687 F.2d 257, 259 (8th

Cir. 1982) ("The procedure followed by this court to remedy petitioner's deprivation of his constitutional right to effective assistance of counsel is to vacate the sentence and to remand the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence."). Accordingly, the Judgment of July 14, 2014, (ECF No. 43) will be vacated and a sentencing hearing will be scheduled at which Movant will be resentenced so as to allow him the opportunity to file a timely notice of appeal.

**IT IS SO ORDERED**, this 26th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge